IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Billy G. Southern Jr., | No. CV-20-01030-PHX-DJH |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

At issue is the denial of Plaintiff Billy G. Southern Jr.'s Applications for Disability Insurance benefits and Supplemental Security Income benefits by the Social Security Administration ("SSA") under the Social Security Act. Plaintiff filed a Complaint (Doc. 1) with this Court seeking judicial review of that denial, and the Court now addresses Plaintiff's Opening Brief (Doc. 14, "Pl. Br.") Defendant SSA Commissioner's Response Brief (Doc. 17, "Def. Br."), and Plaintiff's Reply Brief (Doc. 19, "Reply"). The Court has reviewed the briefs and Administrative Record (Doc. 13, "R.") and now reverses and remands the Administrative Law Judge's decision (R. at 13–24) for a new hearing.

**I.    BACKGROUND**

Plaintiff filed an Application for Disability Insurance benefits on April 20, 2016, and Supplemental Security Income benefits on March 31, 2017, both for a period of disability beginning on July 4, 2015. (R. at 13.) His claims were denied initially on November 17, 2016, and upon reconsideration on March 22, 2017. (R. at 13.) Plaintiff

appeared before the ALJ for a hearing regarding his claim on March 5, 2019, which the ALJ denied on April 30, 2019. (R. at 13, 23.) On March 30, 2020, the Appeals Council denied Plaintiff's Request for Review and adopted the ALJ's decision as the agency's final decision. (R. at 1–3.)

The Court has reviewed the medical evidence in its entirety and will discuss the pertinent medical evidence in addressing the issues raised by the parties. Upon considering the medical records and opinions, the ALJ evaluated Plaintiff's disability based on the following severe impairments: degenerative disc disease of the lumbar spine; epicondylitis of the right upper extremity; and obesity. (R. at 16.)

Ultimately, the ALJ evaluated the medical evidence and testimony and concluded that Plaintiff was not disabled from the alleged disability onset-date through the date of the decision. (R. at 23.) The ALJ found that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." (R. at 17.) Next, the ALJ calculated Plaintiff's residual functional capacity ("RFC"):

> [Plaintiff] has the [RFC] to perform sedentary work as defined in 20 CFR §§ 404.1567(a) and 416.967(a) with certain limitations. Specifically, he can occasionally balance, stoop, kneel, crouch, crawl, and climb ramps or stairs, but can never climb ladders, ropes, or scaffolds. He can frequently perform fine and gross manipulative activities with the right upper extremity. He can have no more than occasional exposure to cold temperatures and workplace hazards such as moving machinery and unprotected heights.

(R. at 19.) Accordingly, the ALJ found that Plaintiff can perform past relevant work as a telephonic customer service representative. (R. at 23.)

## II. LEGAL STANDARD

In determining whether to reverse an ALJ's decision, the district court reviews only those issues raised by the party challenging the decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). The Court may set aside the Commissioner's disability determination only if it is not supported by substantial evidence or is based on legal error. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is relevant evidence

that a reasonable person might accept as adequate to support a conclusion considering the record as a whole. *Id.* To determine whether substantial evidence supports a decision, the Court must consider the record as a whole and may not affirm simply by isolating a "specific quantum of supporting evidence." *Id.* Generally, "[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citations omitted).

To determine whether a claimant is disabled for purposes of the Act, the ALJ follows a five-step process. 20 C.F.R. § 404.1520(a). The claimant bears the burden of proof on the first four steps, but the burden shifts to the Commissioner at step five. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). At the first step, the ALJ determines whether the claimant is presently engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). At step two, the ALJ determines whether the claimant has a "severe" medically determinable physical or mental impairment. 20 C.F.R. § 404.1520(a)(4)(ii). At step three, the ALJ considers whether the claimant's impairment or combination of impairments meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Part 404. 20 C.F.R. § 404.1520(a)(4)(iii). If so, the claimant is automatically found to be disabled. *Id.* At step four, the ALJ assesses the claimant's RFC and determines whether the claimant is still capable of performing past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). If not, the ALJ proceeds to the fifth and final step, where she determines whether the claimant can perform any other work in the national economy based on the claimant's RFC, age, education, and work experience. 20 C.F.R. § 404.1520(a)(4)(v). If not, the claimant is disabled. *Id.*

### III. ANAYSIS

Plaintiff raises four issues for the Court's consideration. First, Plaintiff argues the ALJ erred in assigning minimal weight to treating physician, Dr. Anthony Lee's medical opinion because Dr. Lee provided a supplemental questionnaire that clarified the issues the ALJ had with his opinions. (Pl. Br. at 8–11.) Second, Plaintiff contends the ALJ erred in

rejecting his symptom testimony. (Pl. Br. at 11–13.) Third, Plaintiff argues the ALJ erred in rejecting the lay witness testimony of Plaintiff's fiancée, Stacy Gritt. (Pl. Br. at 13–15.) Finally, Plaintiff contends the ALJ erred in presenting incomplete hypotheticals to the vocational expert ("VE") and because the VE and the ALJ referenced different DOT jobs in referencing Plaintiff's past relevant work. (Pl. Br. at 16–17.)

First, the Court finds the supplemental questionnaire provided by Dr. Lee should be considered because the supplemental questionnaire directly clarifies statements the ALJ relied on in assigning minimal weight to Dr. Lee's opinions. Second, the ALJ erred in rejecting Plaintiff's symptom testimony because the ALJ only relied on the medical record. Third, the ALJ did not provide germane reasons for rejecting Ms. Gritt's lay witness opinion. And finally, because the ALJ did not include the opined-to limitations from Dr. Lee, Ms. Gritt, and Plaintiff's symptom testimony, the hypotheticals presented to the VE were incomplete. Additionally, because there is confusion as to the DOT job relied upon by the VE and the ALJ, the ALJ must clarify this issue. For the following reasons, the Court reverses and remands for a new hearing and disability determination.

### A. Dr. Lee's supplement to his opinions should be considered in assigning weight to his medical opinions.

Plaintiff argues the ALJ erred in assigning partial weight to the opinions of Dr. Lee. (Pl. Br. at 8–11.) While "[t]he ALJ must consider all medical opinion evidence," there is a hierarchy among the sources of medical opinions. *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008). Those who have treated a claimant are treating physicians, those who examined but did not treat the claimant are examining physicians, and those who neither examined nor treated the claimant are nonexamining physicians. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). "As a general rule, more weight should be given to the opinion of a treating source than to the opinion of doctors who did not treat the claimant." *Id.* This is so because treating physicians have the advantage of in-person interaction and typically a longer history of treatment than a claimant's other doctors, and their "subjective judgments . . . are important, and properly play a part in their medical evaluations." *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988).

An ALJ "may only reject a treating or examining physician's uncontradicted medical opinion based on 'clear and convincing reasons.'" *Carmickle v. Comm'r of Soc. Sec.*, 533 F.3d 1155, 1164 (9th Cir. 2008) (citing *Lester*, 81 F.3d at 830–31). "Where such an opinion is contradicted, however, it may be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." *Id.* An ALJ meets this standard by "setting out a detailed and thorough summary of the facts and conflicting medical evidence, stating his interpretation thereof, and making findings." *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989).

The ALJ assigned minimal weight to the opinions of Dr. Lee. (R. at 21, 1103–05, 1116–20.) Dr. Lee opined that Plaintiff could lift and carry up to 50 pounds occasionally, up to 25 pounds frequently, and up to 20 pounds continuously, and Plaintiff had no limitations in manipulative activities with the upper right extremity. (R. at 21, 1104–05, 1117–18.) The ALJ found that these limitations were inconsistent with Plaintiff's documented degenerative spinal condition, right elbow impairment, and obesity. (R. at 21.)

The ALJ also found that Dr. Lee's assertion that Plaintiff's degenerative spinal impairment met the criteria of Listing 1.04 was inconsistent with the record, which shows, despite Plaintiff's occasional antalgic gait, Plaintiff frequently walked with normal gait. (R. at 21–22.) Additionally, the ALJ found Dr. Lee's findings are internally inconsistent. (R. at 22.) For example, to meet the criteria of Listing 1.04(A), the evidence must show "nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-let raising test (sitting and supine)," but Dr. Lee indicated that Plaintiff did not show evidence of limitation of motion of the spine. (R. at 22, 1103–05, 1116–20.) The ALJ found that Dr. Lee's finding that Plaintiff's degenerative spinal impairment met the criteria for Listing 1.04 was inconsistent. (R. at 22.)

Last, the ALJ found that Dr. Lee's response that Plaintiff's mental or physical impairments, other than substance abuse, are not the primary cause of his disability was

inconsistent with Dr. Lee's other findings. (R. at 22.) Dr. Lee found that Plaintiff could work eight hours a day and 40 hours per week, even considering Plaintiff's substance abuse. (R. at 22.)

After the ALJ's opinion was released, Dr. Lee provided a supplemental questionnaire clarifying his opinions for the Appeals Council to review. (R. at 32–33.) Specifically, Dr. Lee indicted that his previous statement regarding Plaintiff's substance abuse disorder was made in error and that he did believe Plaintiff's mental and physical impairments would continue to affect Plaintiff even if Plaintiff's substance abuse was discontinued. (R. at 33.) Dr. Lee also indicated that based on his physical examination of Plaintiff, he believed Plaintiff's impairments equaled Listing 1.04. (R. at 32–33.)

Plaintiff contends the Appeals Council erred in rejecting Dr. Lee's supplemental statement and by finding that there is a reasonable probability the evidence would not change the outcome of the decision. (Pl. Br. at 9; R. at 2.) In response, Defendant claims that Dr. Lee's correction bolsters the ALJ's reasons for discounting Dr. Lee's opinions and fails to show how the ALJ's finding harmed Plaintiff. (Def. Br. at 11.)

The issue Plaintiff has raised to the Court falls under "sentence six" of 42 U.S.C. § 405(g), the section of the Act providing for district court review of the SSA's final decision. It provides, in relevant part:

> The Court may . . . at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and there is good cause for the failure to incorporate such evidence into the record in a prior proceeding.

42 U.S.C. § 405(g). The Appeals Council did not take the new evidence into account or include it in the administrative record. *See* 20 C.F.R. § 404.970(b) ("The Appeals Council shall evaluate the entire record including the new and material evidence submitted *if it relates to the period on or before the date of the administrative law judge hearing decision*." (emphasis added)). Thus, any Order of this Court in Plaintiff's favor would be a remand for the SSA to take the new evidence into account in making the disability determination. On this record, the Court cannot itself take the new evidence into account,

make a disability determination, and reverse the SSA determination. *Cf. Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1162-63 (9th Cir. 2012) (noting that the district court must take new evidence into account if it was already considered by the Appeals Council and included as part of the administrative record).

Under 42 U.S.C. § 405(g), to be material, new evidence must bear a direct and substantial relationship with the matter and create a reasonable possibility of changing the outcome. *Mayes v. Massanari*, 276 F.3d 453, 462 (9th Cir. 2001). Dr. Lee's supplemental statements clarify the exact statements that the ALJ relied on in assigning minimal weight to Dr. Lee's opinions and thus could change the ALJ's analysis and the outcome. The Court finds the Appeals Council should have considered the clarifying statements from Dr. Lee.

**B. The ALJ erred in rejecting Plaintiff's symptom testimony by only relying on medical evidence.**

Plaintiff argues the ALJ erred in rejecting his symptom testimony. (Pl. Br. at 11–13.) An ALJ performs a two-step analysis to evaluate a claimant's testimony regarding pain and symptoms. *Garrison v. Colvin*, 759 F.3d 995, 1014 (9th Cir. 2014). First, the ALJ evaluates whether the claimant has presented objective medical evidence of an impairment "which could reasonably be expected to produce the pain or symptoms alleged." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035–36 (9th Cir. 2007) (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991) (*en banc*) (internal quotation marks omitted)). If the claimant presents such evidence then "the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so." *Garrison*, 759 F.3d at 1014–15 (citing *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996)). This is the most demanding standard in Social Security cases. *Id.* at 1015. "In evaluating the credibility of pain testimony after a claimant produces objective medical evidence of an underlying impairment, an ALJ may not reject a claimant's subjective complaints based solely on a lack of medical evidence to fully corroborate the alleged severity of pain." *Burch v. Barnhart*, 400 F.3d 676, 682 (9th Cir. 2005).

Here, the ALJ found "[Plaintiff's] severe impairments may [have] reasonably caused the presence of his alleged symptoms. However, the evidence generally does not

- 7 -

support his allegations regarding the severity, frequency, and intensity of his symptoms and their alleged effect on his functional abilities." (R. at 20.)

The ALJ did not provide "specific, clear and convincing" reasons supported by substantial evidence in rejecting Plaintiff's symptom testimony because the only reason the ALJ provided in discounting Plaintiff's symptom testimony was the purported existence of conflicting medical evidence. *See Molina*, 674 F.3d at 1112. The ALJ goes into great detail discussing Plaintiff's medical records and medical history but does not attempt to explain how the medical evidence conflicts with Plaintiff's symptom testimony. (R. at 20–21.) This reason also fails because, even if supported, it cannot form the sole basis for rejecting a claimant's testimony. *See Burch*, 400 F.3d at 682. The ALJ's reliance on the objective medical evidence stands alone, and therefore, is inadequate. As such, the ALJ erred in rejecting Plaintiff's symptom testimony.

### C. The ALJ did not provide germane reasons for rejecting the lay witness opinion of Ms. Gritt.

Plaintiff contends the ALJ erred in assigning minimal weight to the lay witness testimony of Plaintiff's fiancée, Ms. Gritt. (Pl. Br. at 13–15; R. at 253–58.) An ALJ need only provide a germane reason for rejecting a lay witness's reports. *Molina v. Astrue*, 674 F.3d 1104, 1114 (9th Cir. 2012). If the ALJ provides valid reasons for rejecting testimony by one witness, the ALJ may rely on those same reasons to reject the similar testimony of a different witness, if they are equally valid. *Id*. Thus, an ALJ's valid reasons for rejecting a claimant's symptom testimony may apply with equal force to a lay witness's statements. *See Valentine v. Astrue*, 574 F.3d 685, 694 (9th Cir. 2009).

In the ALJ's analysis of Ms. Gritt's lay witness testimony, the ALJ does not describe Ms. Gritt's explanation of Plaintiff's abilities. (R. at 22.) The ALJ simply states that Ms. Gritt is not a medical professional and is not qualified to opine as to the genesis of Plaintiff's limitations and that Ms. Gritt's assertions are inconsistent with the record. (R. at 22.) There is no further explanation. The ALJ does not explain how Ms. Gritt's testimony is inconsistent with the record. Therefore, the ALJ has not provided germane reasons for rejecting Ms. Gritt's testimony.

### D. The ALJ presented incomplete hypotheticals to the VE.

Plaintiff argues the ALJ erred in presenting hypotheticals to the VE by not including limitations opined to by Dr. Lee, Ms. Gritt, and Plaintiff's symptom testimony. (Pl. Br. at 16–17.) Hypothetical questions posed to a VE must contain all a claimant's limitations that are supported by substantial evidence. *Magallanes*, 881 F.2d at 756. Moreover, an ALJ must include only those limitations that are supported by substantial evidence. *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 886 (9th Cir. 2006). The testimony of a VE "is valuable only to the extent that it is supported by medical evidence." *Magallanes*, 881 F.2d at 756 (quoting *Sample v. Schweiker*, 694 F.2d 639, 644 (9th Cir. 1982)). Because the ALJ erred in rejecting Plaintiff's symptom testimony, Ms. Gritt's lay witness testimony, and Dr. Lee's supplemental opinion may change the ALJ's analysis of his medical opinions, the ALJ presented incomplete hypotheticals to the VE. (R. at 61–62.)

Additionally, the VE identified Plaintiff's past relevant work as a customer service/data entry clerk (DOT # 203.683-054). (R. at 62.) However, the ALJ found Plaintiff could return to his past relevant work as a telephone customer service representative (DOT # 299.357-014). (R. at 23.) The DOT number the VE cited does not exist in the DOT, but Plaintiff contends the closest match to that title is data entry clerk (DOT # 203.582-054). (Pl. Br. at 16.) The data entry clerk position, which Plaintiff argues is closer to his past relevant work than the telephone customer service job the ALJ cites to as his past relevant work, requires constant fingering, which is a limitation that would be inconsistent with the ALJ's RFC.[1] (R. at 19; Pl. Br. at 16.) Because the VE and ALJ cited to different DOT jobs as Plaintiff's past relevant work without explanation, and because the ALJ did not provide sufficient hypotheticals to the VE, the Court finds the ALJ erred and a new hearing must be conducted.

---

[1] Plaintiff's RFC is consistent with the DOT job the ALJ found Plaintiff can perform, but Plaintiff argues his past relevant work is more aligned with the DOT job the VE identified. (Pl. Br. at 16.)

### E. The credit-as-true rule does not apply.

Plaintiff asks the Court to apply the "credit-as-true" rule, which would result in a remand of Plaintiff's case for payment of benefits rather than for further proceedings. (Pl. Br. at 17–19.) The credit-as-true rule only applies in cases where three elements are present. *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099–1102 (9th Cir. 2014). First, the ALJ must have failed to provide legally sufficient reasons for rejecting medical evidence. *Id.* at 1100. Second, the record must be fully developed, there must be no outstanding issues that must be resolved before a determination of disability can be made, and the Court must find that further administrative proceedings would not be useful. *Id.* at 1101. Further proceedings are considered useful when there are conflicts and ambiguities that must be resolved. *Id.* Third, if the above elements are met, the Court may "find[] the relevant testimony credible as a matter of law . . . and then determine whether the record, taken as a whole, leaves 'not the slightest uncertainty as to the outcome of [the] proceeding.'" *Id.* (citations omitted).

In this case, the ordinary remand rule, not the credit-as-true rule applies. Because the ALJ did not correctly evaluate the opinion of Dr. Lee, Ms. Gritt's lay witness testimony, and Plaintiff's symptom testimony, and the ALJ presented incomplete hypotheticals to the VE, this case still presents evidentiary ambiguities that must be resolved. Specifically, the ALJ must provide sufficient reasoning for rejecting Plaintiff's symptom testimony, consider the supplemental statement from Dr. Lee, provide germane reasons for rejecting Ms. Gritt's testimony, and clarify which DOT job is considered Plaintiff's past relevant work and provide complete hypotheticals to the VE. The ALJ's analysis left holes in the record.

Accordingly, the Court will remand this matter to the ALJ a new hearing, further development of the record, and a new disability determination.

**IT IS THEREFORE ORDERED** remanding this matter to the Social Security Administration for further proceedings consistent with the Order.

/ / /

**IT IS FURTHER ORDERED** directing the Clerk to enter judgment accordingly and close this case.

Dated this 14th day of July, 2021.

*[signature]*
Honorable Diane J. Humetewa
United States District Judge